IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 5:19-cr-10 |
| SHERRIE MIDDLETON, | |
| Defendant. | |

**O R D E R**

    Like much of the world, inmates in federal prisons are understandably concerned about the health risks posed by the COVID-19 (coronavirus) pandemic.  Given the recognized risks that the pandemic poses within detention facilities, many federal prisoners are filing motions for immediate release or to reduce their sentence.  Defendant Sherrie Middleton has filed such a motion seeking compassionate release, under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  (Doc. 41.)  The Court is not unsympathetic to Middleton's concerns.  However, as explained by the United States in its Response to Middleton's Motion, she must first petition the Bureau of Prisons ("BOP") to file a motion on her behalf before coming directly to the Court for the extraordinary relief she seeks.  18 U.S.C. § 3582(c)(1)(A)(i).  While Defendant stated that she could not exhaust her administrative remedies because she was not yet in BOP custody, the United States argued in its Response that this inability is of no consequence as the exhaustion requirement is not waivable.  (Doc. 42, pp. 10—11 (citing United States v. Graves, No. 09-338, 2020 WL 2086271, at *1 (D. Neb. Apr. 30, 2020)).

    Defendant has failed to respond to the Government's argument or otherwise establish that she had exhausted her administrative remedies or that the Court should excuse her failure to do

so.[1]  Moreover, Defendant is now in the custody of the Bureau of Prisons.  (See doc. 43.)  Thus, the conditions previously preventing her from exhausting her administrative remedies have been removed.

---

[1] It is unclear whether the Court may excuse a defendant's failure to fulfill Section 3582(c)(1)(A)'s administrative exhaustion requirements.  The United States District Court for the Middle District of Florida explained that "[c]ourts around the country have been presented with the question of whether the administrative exhaustion or time provision may be waived and have reached different conclusions." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020). Ultimately, after reviewing precedential guidance from the United States Supreme Court and the statute itself, the court in Smith concluded that the exhaustion requirement of Section 3582(c)(1)(A) was mandatory and could not be excused.  Id.  Further, as to the "unique circumstances of the COVID-19 pandemic" specifically, the court found that a majority of district courts have found that those circumstances do not warrant waiver of the exhaustion requirement.  Id. (collecting cases).  The court in Smith followed those courts and found that the requirement was not waivable and denied the defendant's request for compassionate release due to his failure to exhaust.  Id. at *4-5; see also United States v. Kranz, No. 2:18-CR-14016, 2020 WL 2559551, at *3 (S.D. Fla. May 20, 2020) (after considering the binding precedent cited above, the Court concludes that it cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)); Allen, 2020 WL 2199626, at *2 ("There is no futility exception to § 3582(c)(1)(A)'s administrative exhaustion requirement, and the Court declines to invent one.").

   Nonetheless, other courts have found that the exhaustion requirement can be waived and have allowed some defendants who have not fully pursued their requests before the BOP to bring claims for compassionate release due to the COVID-19 pandemic.  See, e.g., United States v. Pomante, No. 19-20316, 2020 WL 2513095, at *4 (E.D. Mich. May 15, 2020) ("due to the unique and unforeseen threat posed by the COVID-19 pandemic to this Defendant because of his specific health conditions, the exhaustion of administrative process can be waived"); United States v. Milner, No. 5:16-CR-32-5 (LAG-CHW), 2020 WL 2744088, at *3 (M.D. Ga. Apr. 20, 2020) (waiving exhaustion requirement where Defendant had multiple sclerosis and was unable, through no fault of his own, to submit his request for release to the warden); United States v. Zukerman, No. 16 CR. 194 (AT), 2020 WL 1659880, at *1 (S.D.N.Y. Apr. 3, 2020) (in light of defendant's age and pre-existing conditions, "[his] exhaustion of the administrative process can be waived in light of the extraordinary threat posed—in his unique circumstances—by the COVID-19 pandemic").  However, those courts that have found that exhaustion requirements can be waived only allow waiver where: (1) pursuing administrative remedies would prejudice the defendant; (2) the administrative process would be inadequate because of some legitimate question as to whether the BOP could grant the requested relief; or (3) the BOP has been shown to have already determined the issue presented or otherwise have been biased against the defendant.  See Milner, 2020 WL 2744088, at *3 (citing McCarthy v. Madigan, 503 U.S. 140, 146–48 (1992) and Shorter v. Warden, 803 F. App'x 332, 336 (11th Cir. 2020)); Sawicz, 2020 WL 1815851, at *2.

   Here, the Court need not wade into the debate over whether Section 3582(c)(1)(A)'s exhaustion requirement is waivable.  Even if the requirement *can be waived* Defendant has not established that it *should be waived* on the specific facts of this case.

Consequently, the Court **DENIES** Middleton's Motion to Reduce Sentence, (doc. 41), **WITHOUT PREJUDICE** due to her failure to satisfy the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)(i).[2]

**SO ORDERED**, this 26th day of February, 2021.

/s/ R. Stan Baker

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court also **DENIES** Middleton's request for the appointment of counsel to assist her with her compassionate release request. (Doc. 41, p. 1.) The Court **DIRECTS** the Clerk of Court to mail a copy of this Order to Defendant at Tallahassee FCI in Tallahassee, Florida.